JAYME B. SULLIVAN
BOISE CITY ATTORNEY

SCOTT NEWBOULD, ISB #9495
Deputy City Attorney
CITY OF BOISE
OFFICE OF THE CITY ATTORNEY
P.O. Box 500
Boise, ID 83701-0500
Telephone: (208) 608-7950
E-mail: LegalService@cityofboise.org

Attorney for Defendant

### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTOPHER BURDGE,<br><br>                     Plaintiff,<br><br>      v.<br><br>CITY OF BOISE,<br><br>                     Defendant. | Case No. 1:25-cv-00371-AKB<br><br>**MEMORANDUM IN SUPPORT OF CITY OF BOISE'S MOTION TO DISMISS COMPLAINT** |

The City of Boise ("City") by and through its attorney of record, Scott Newbould, hereby submits this memorandum in support of the City of Boise's Motion to Dismiss Complaint, filed contemporaneously herewith. The City respectfully requests this Court dismiss Plaintiff's July 11, 2025, Complaint pursuant to alternate theories under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (FRCP) on the grounds that the Court lacks subject-matter jurisdiction to adjudicate the matter and/or that Plaintiff has not stated a claim for which relief can be granted because of failure to file a Notice of Tort Claim before commencing this action, as required by the Idaho Tort Claims Act (ITCA), Idaho Code § 6-906.

## I.  INTRODUCTION

A good-faith reading of the Complaint alleges that Plaintiff was arrested without legal cause for a violation of a state criminal offense on June 25, 2025[1], for which he was subsequently incarcerated. Plaintiff contends this incident resulted in "emotional distress of pain and suffering, mental anguish, humiliation and degradation…" (*Complaint*, p. 14). Seventeen days later, Plaintiff filed the instant action on July 11, 2025, and the City was served a copy of the Complaint and Summons on July 14, 2025.

## II.    ARGUMENT

### A.  Plaintiff's Complaint Must be Dismissed for Failure to Comply with the Notice Requirements of the Idaho Tort Claims Act (ITCA)

It is well established that before filing a lawsuit against a governmental entity in Idaho, a Notice of Tort Claim must be filed with the entity pursuant to the ITCA. (Idaho Tort Claims Act, 1971). The ITCA provides that "no claim or action shall be allowed against a political subdivision, including cities and counties, or its employee unless the claim has been presented and filed within the time limits prescribed by this act." *Dodge v. Bonners Ferry Police Dep't*, 450 P.3d 298, 303 (2019) (quoting I.C. § 6-908). The ITCA also precludes claims filed *after* the filing of a Complaint. See *Butler v. Elle*, 281 F.3d 1014, 1029 (9th Cir. 2002).

The Idaho Supreme Court has consistently interpreted the language of I.C. § 6–908 - that no claim or action shall be "allowed" - to mean that compliance with the notice requirement of the Tort Claims Act is a mandatory condition precedent to bringing a lawsuit. *See McQuillen v. City of Ammon,* 113 Idaho 719, 747 P.2d 741 (1987); *Overman v. Klein,* 103 Idaho 795, 654 P.2d 888 (1982); *Smith v. City of Preston,* 99 Idaho 618, 586 P.2d 1062 (1978); *Independent School Dist. of*

---

[1] Page 10, paragraph 23 of the Complaint lists the date of arrest as July 5, 2025, but this appears to be in error

*Boise v. Callister,* 97 Idaho 59, 539 P.2d 987 (1975); *Newlan v. State,* 96 Idaho 711, 535 P.2d 1348, *appeal dismissed,* 423 U.S. 993, 96 S.Ct. 419, 46 L.Ed.2d 367 (1975).

Section 6-906 of the ITCA proscribes the applicable time limit, requiring notice be filed with the clerk "within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later." I.C. § 6-906. The governmental entity then has a statutory period of 90 days in which to respond before any action can be filed. I.C. § 6-909.

Here, the City of Boise is a "political subdivision" triggering ITCA compliance. See I.C. § 6-902, 6-906. Plaintiff has alleged no facts that he has complied with the relevant notice provisions of the ITCA before filing his July 11, 2025, Complaint. Moreover, given the passage of 17 days from the date of his arrest to the filing of the Complaint, compliance with the ITCA is a chronological and factual impossibility. Based on these facts, Plaintiff has not complied with the notice requirements under the ITCA, and this action should be dismissed.

**B.  Dismissal is Appropriate Under Rules 12(b)(1) and/or 12(b)(6)**

Even at the motion to dismiss phase, it is the plaintiff's burden to prove that they complied with the ITCA's notice requirement. See *Dodge.* Some courts have found this requirement to invoke *subject matter jurisdiction* under Rule 12(b)(1)[2], as the Court lacks jurisdiction to proceed on a matter not in compliance with the notice requirements of the ITCA. *See Coy v. Ada Cnty.*, No. 1:23-cv-144-AKB, 2023 WL 6623633, at *4 (D. Idaho Oct. 10, 2023); *Morgan v. Ada Cnty. Sheriff's Dep't*, No. 1:22-cv-318-AKB, 2023 WL 4684893, at *4 (D. Idaho July 21, 2023); *Turner v. City of Coeur d'Alene*, No. 2:21-cv-144-DCN, 2021 WL 5761084, at *5 (D. Idaho Dec. 3, 2021).

---

[2] Federal Rules of Civil Procedure and the correlating Idaho Rules of Civil Procedure both provide relief under sections 12(b)(1) and 12(b)(6) for lack of subject-matter jurisdiction and on a failure to state a claim upon which relief can be granted, thus the analysis is the same

Alternatively, another Court found Rule 12(b)(6) the appropriate vehicle for motions to dismiss based upon failure to state a claim upon which relief can be granted due to failure to comply with the ITCA notice requirements, with a caveat that the Court should deem such motion as a motion under Rule 56 if matters outside the pleadings are considered (and not otherwise excluded). *See Lee v. Stone* (2025) WL 1286995.

Here, this Court can rely solely on the Plaintiff's Complaint in finding no sufficient basis for evidence of compliance with the ITCA because there is no assertion that he ever filed a claim. Additionally, and perhaps most glaring, the Court can also rely on the timing between the alleged June 25, 2025, incident date and the filing of the Complaint a mere 17 days later, as definitive evidence of noncompliance with the ITCA's notice provisions.

### III. CONCLUSION

As set forth above, Plaintiff has not complied with the Idaho Tort Claims Act notice requirements before filing the Complaint. Whether the Court finds dismissal appropriate under a Rule 12(b)(1) or 12(b)(6) analysis, the Complaint should be dismissed.

DATED this __30___ day of July 2025.

OFFICE OF THE CITY ATTORNEY

*/s/ Scott Newbould*_____
SCOTT NEWBOULD,
Deputy City Attorney
Attorney for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the _30__ day of July, 2025, I caused to be electronically filed of the foregoing with the Clerk of the Court using the CM/ECF system and served a true and correct copy of the foregoing on the following via US Mail:

Christopher Burdge           auto457052@hushmail.com
P.O. Box 625
Boise, Idaho, 83707
*Pro Se Plaintiff*

*/s/ Scott Newbould*
Scott Newbould, Deputy City Attorney
Attorney for Defendant