UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTOPHER BURDGE,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF BOISE,<br><br>    Defendant, | Case No.: 1:25-cv-00371-REP<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR DEFAULT**<br><br>**(Dkt. 23)** |

Pending before the Court is Plaintiff's Motion for Default (Dkt. 23). Plaintiff contends that, because Defendant did not respond to his Motion for Summary Judgment (Dkt. 18), the Court should enter default against Defendant. *See generally* Mem. ISO Mot. for Default (Dkt. 23-1). The Court disagrees for at least three reasons.

First, Defendant did not fail to respond to Plaintiff's Motion for Summary Judgment. The Court stayed briefing on that motion pending resolution of Defendant's earlier-filed Motion to Stay (Dkt. 12). *See* 10/9/25 DEO (Dkt. 20). This stay order preceded Defendant's deadline to respond.

Second, even if Defendant had failed to respond, District of Idaho Local Civil Rule 7.1(e)(2) expressly provides that a party's failure to respond "will not be deemed a consent to the granting of said motion by the Court." Dist. Idaho Loc. Civ. R. 7.1(e)(2). The Court must still "independently evaluate the sufficiency of the motion." *Cristobal v. Siegel*, 26 F.3d 1488, 1491 (9th Cir. 1994). Thus, the proper remedy is to grant or deny the motion, not to enter default.

Third, Federal Rule of Civil Procedure 55(a) authorizes entry of default when a party "fails to plead or otherwise defend." Fed. R. Civ. P. 55(a). Here, Defendant clearly indicated an

**ORDER - 1**

intent to defend by filing both an Answer (Dkt. 11) and the above-referenced Motion to Stay – nearly two months before Plaintiff filed the instant Motion.  Under these circumstances, default is plainly unwarranted.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Default (Dkt. 23) is DENIED.

DATED:  December 2, 2025

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**ORDER - 2**