UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTOPHER BURDGE,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF BOISE,<br><br>    Defendant. | Case No.: 1:25-cv-00371-REP<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANT CITY OF BOISE'S MOTION TO STAY**<br><br>**(Dkt. 12)** |

Pending before the Court is Defendant City of Boise's Motion to Stay (Dkt. 12). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal arguments are adequately presented and that oral argument would not significantly aid the decisional process. *See* Dist. of Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons discussed below, the Court grants the motion.

## I. BACKGROUND

Plaintiff Christopher Burdge brings this action pro se under 42 U.S.C. § 1983 against Defendant City of Boise, alleging violations of his constitutional rights arising out of his arrest on June 25, 2025. *See generally* Compl. (Dkt. 1). Plaintiff asserts claims for false arrest, false imprisonment, and related due process violations, contending that Boise police officers lacked lawful authority to arrest him and that the arrest was part of a broader scheme to deprive him of property he claims to possess through adverse possession. *See id*.

The arrest at issue resulted in a pending state criminal prosecution in Ada County Magistrate Court, Case No. CR01-25-22390, charging Plaintiff with a misdemeanor offense under Idaho Code § 18-7004 ("firing timber or prairie lands"). That criminal case remains active and unresolved. Shortly after his arrest, Plaintiff initiated this civil action seeking $5 million in

**MEMORANDUM DECISION AND ORDER - 1**

compensatory damages, including damages for emotional distress and unjust incarceration, as well as additional relief premised on the alleged unlawfulness of the arrest and prosecution.

Defendant City of Boise moves to stay this action pending resolution of Plaintiff's state criminal case, arguing that Plaintiff's § 1983 claims, if allowed to proceed now, would necessarily implicate the validity of the pending criminal prosecution and risk running afoul of *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Wallace v. Kato*, 549 U.S. 384 (2007). *See generally* Mem. ISO Mot. to Stay (Dkt. 12-1). Plaintiff opposes the motion, asserting that the criminal case lacks merit and will be dismissed, and contending that a stay would improperly delay adjudication of his civil claims. *See generally* Resp. to Mot. to Stay (Dkt. 13).

## II. <u>ANALYSIS</u>

In *Heck v. Humphrey*, the Supreme Court held that a plaintiff may not recover damages under § 1983 for allegedly unconstitutional conduct if a judgment in the plaintiff's favor would necessarily imply the invalidity of a criminal conviction or sentence, unless that conviction or sentence has already been invalidated. *See Heck*, 512 U.S. at 486-87. While *Heck* directly addresses claims brought after a conviction, the Supreme Court subsequently clarified in *Wallace v. Kato* that when a plaintiff brings a civil action related to an arrest or prosecution while criminal proceedings are still pending, the appropriate course is often to stay the civil case until the criminal matter is resolved. *See Wallace*, 549 U.S. at 393-94.

District courts within the Ninth Circuit have consistently applied this framework. For example, in *Gates v. Sergent*, the court stayed a § 1983 action alleging false arrest and related claims where the plaintiff's criminal prosecution was ongoing, explaining that allowing the civil case to proceed would risk inconsistent determinations and would prematurely test issues central to the criminal case. *See Gates*, 2024 WL 2117031, at *1-3 (E.D. Cal. 2024). The court emphasized that a stay preserves judicial economy and protects the plaintiff's ability to proceed

**MEMORANDUM DECISION AND ORDER - 2**

should the criminal case resolve in his favor. *See id*. (considering the plaintiff's Fifth Amendment rights, prejudice to plaintiff, burden on defendants, judicial efficiency, interests of third parties, and the public interest). Similarly, in *Adeyinka v. Fred Meyer Stores, Inc.*, the court stayed civil claims arising from an arrest while criminal charges were pending, reasoning that resolution of the criminal case would materially affect the viability of plaintiff's civil claims and that proceeding concurrently would undermine the principles articulated in *Heck*. *See Adeyinka*, 2025 WL 992047, at *3-4 (D. Or. 2025) ("After all, if the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.") (internal quotation marks omitted).

The same considerations apply here. Plaintiff's § 1983 claims are premised on the alleged unlawfulness of his arrest and the absence of probable cause. Those interests are directly intertwined with the pending state criminal prosecution. If Plaintiff were convicted, a judgment in his favor in this civil action would necessarily call the conviction into question, triggering the bar described in *Heck*. Conversely, if the criminal case resolves in Plaintiff's favor, the stay ensures that his civil claims may proceed without prejudice.

Plaintiff's arguments that the criminal case lacks merit, will be dismissed, or is motivated by improper purposes do not alter the analysis. As courts have repeatedly recognized, federal courts should not adjudicate civil claims in a manner that would interfere with or preempt determinations reserved for the criminal proceeding itself. *Wallace*, 549 U.S. at 393-94.

A stay also serves important interests of judicial economy and comity. Proceeding with discovery and merits litigation in this case (including Plaintiffs' pending Motion for Summary Judgment (Dkt. 18) (*but see infra*) would risk inconsistent rulings, unnecessary expenditure of judicial resources, and potential interference with the ongoing state prosecution. A stay avoids these concerns while preserving Plaintiff's ability to pursue his civil claims until appropriate.

**MEMORANDUM DECISION AND ORDER - 3**

Accordingly, consistent with *Heck*, a stay of this action pending resolution of Plaintiff's state criminal case is warranted.  The Motion to Stay is granted.

## II. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Defendant City of Boise's Motion to Stay (Dkt. 12) is GRANTED.  This action is STAYED pending resolution of Plaintiff's criminal case in state court.

IT IS ADDITIONALLY HEREBY ORDERED that, in light of the stay, Plaintiff's Motion for Summary Judgment (Dkt. 18) is DENIED, without prejudice.  In the event the stay is lifted and this action is not dismissed, Plaintiff may renew his argument presented therein, consistent with the deadlines contained within a Court-issued Scheduling Order.



DATED:  January 23, 2026

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 4**